JUDGE ROBERTSON
delivered the opinion of the court:
Joseph Speers, of Cumberland county, Kentucky, who died intestate in that county in January, 1866, had, in *240 April, 1861, conveyed to his son Benjamin a small tract of land, partly as a gift and partly for a valuable consideration; and in November, 1S84, conveyed to the children of his son William another small tract as a gift; and, several years before the year 1860, had made an oral contract with his son, John W. Speers, whereby he agreed to convey to John his homestead tract, in consideration of John’s living with him, attending to his business, and taking care of him and his wife during their lives.
At the intestate’s death, Benjamin was living on the one hundred and seventy-five acres conveyed to him; William and his children were residing on the one hundred acres conveyed to those children ; and John had so far faithfully fulfilled his engagement to live with and support his aged father and mother, and was carefully attending to his surviving mother and the farm when the appellee, Sewell, and his wife, a daughter of the deceased father, uniting with some of his grandchildren, brought this suit in equity for setting aside the conveyances, repudiating the contract with John, and distributing all the lands equally among all the decedent’s heirs, on the alleged ground of incapacitating imbecility and sinister influence. On full preparation, the circuit court granted the relief sought, and the parties claiming under those contracts appealed from that decree.
The intestate was, at his death, about eighty years old, and the testimony, though voluminous and conflicting, preponderates, when rightly weighed, decidedly against the charges of incapacity and undue influence. Consisting chiefly of facts on one side and of vague opinions on the other side, it leaves no reasonable room for judicial doubt of either fairness or legal capacity, and authorizes the deduction that each of the three contracts was the *241 result of a competent, free, and self-poised mind, executing a deliberate and long-considered purpose.
There is no proof of fraudulent or controlling influence in either of the contracts; and the fact that, for a few years before his death, the intestate had occasional fits of nervous disturbance, which required some guardian care of himself and his business by an affectionate son, is altogether insufficient, against a multitude of established facts, to show that he was not competent to dispose of his estate rationally, justly, and prudently.
Consequently, in the opinion of this court, the circuit court erred in canceling the conveyances to Benjamin Speer and to Wm. Speer’s children.
As there was no written memorial of the contract for the conveyance of the homestead land to the appellant John, he could not, by suit, enforce a specific performance even on the meritorious ground of the strong moral equity resulting from his long and faithful services in execution of the promised consideration; but he has a resisting equity not affected by the statute of frauds and perjuries. For his services he has an equitable lien on the land, and cannot justly be required by a court of equity to surrender his rightful possession of the land until he shall have been indemnified. If the appellees avoid a conveyance, they must do so cum oncre. Before decreeing dispossession and distribution of the homestead tract, the circuit court therefore ought, through its commissioner, to have ascertained the value of John’s services in his care and support of his father and mother, and of attention to his father’s affairs over and above his (John’s) own maintenance; and after such finding, John should be protected in the possession until the amount assessed shall have been paid.
*242 Wherefore, the judgment of the circuit court is reversed, and the cause remanded, with instructions to dismiss so much of the petition as seeks a cancelment of the conveyances and a distribution of the lands conveyed to Benjamin Speers and the children of William Speers, and to institute proper proceedings for effectuating, the principle of this opinion touching the homestead tract, and the rights of the appellant, John W. Speers.