JUDGE ROBERTSON
delivered the opinion oe the court.
About the year 1859 French H. Abbott, owning an unimproved tract of land of one hundred and forty-four acres adjoining his homestead tract in Scott County, Kentucky, agreed with his son William, the appellee, that if he would settle on and improve it, he should have a portion of it as an advancement, unless the father, unable to pay for it, should be compelled to sell it; in which event William, not chargeable with -rent, should be reimbursed for his improvements out of the proceeds of the sale.
Afterward F. H. Abbott mortgaged the tract of one hundred and forty-four acres to the appellant Glass while William was residing on it, and subsequently conveyed all his land to Parish in trust for the benefit of all his creditors. Parish, under his power as trustee, having afterward sold the one hundred and forty-four acres, William brought this suit in equity, claiming out of the unappropriated proceeds of the sale two thousand dollars, the alleged value-of the improvements he had made; and the circuit court adjudging to him one thousand two hundred and fifty dollars, Glass .appealed.
According to a familiar principle of equity the appellee might, as against his father, hold the possession until compensated for the accessory value of the improvements; and as Glass, when he took the mortgage, had constructive notice of that resulting lien, he took the title cum onere. So did the trustee and the purchaser under him. *624 We must presume that the amount of the sale was increased by the improvements, and the excess, whatever it was, is justly the appellee’s, and his father’s creditors have no equitable right to put it into their own pockets.
The enhanced value of the land is the measure of the appellee’s right. Amelioration, and not the cost of the improvements or their value in themselves, should define his equity. But it is apparent that this standard did not regulate the estimate of the improvements as assessed and adjudged; consequently the judgment, though right in principle, may yet be wrong in amount.
Wherefore the judgment is reversed, and the cause remanded for further proceedings for ascertaining and adjudging the augmented value imparted to the land by the improvements put on it by appellee.