## Bobbitt v. James.

(Decided May 9, 1912.)

### Appeal from Lincoln Circuit Court.

Contracts—Action to Recover Land—Contract to Care of Another— Pleading.—Catherine McAlister entered into an arrangement

with appellant to give him her farm if he would move to her home and take care of her as long as she lived. He undertook to carry out the arrangement, but in about three years she sold it to appellee. In an action by appellant, against appellee seeking a recovery of the land, and to recover for the rental value of it during the eight years appellee had held possession of it, a demurrer was properly sustained to the petition. It was a verbal agreement and appellant's only remedy was an action against Catherine McAlister to recover for the reasonable value of the services he had rendered in caring for her.

FONTAINE FOX BOBBITT for appellant.

W. S. BURCH, P. M. McROBERTS for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

In April, 1898, and prior thereto, Catherine Mc-Allister was the owner of a tract of land in Lincoln county, Kentucky, containing some ninety-two and a half acres. On that date she entered into an arrangement with her half brother, F. F. Bobbitt, by which she agreed that, if he would move to her home and live with and take care of her so long as she lived, she would give him this farm. In order to carry out this arrangement, he moved to her place and lived with her for about three years and a half, when she sold the farm and conveyed it to one M. B. James.

In May, 1909, F. F. Bobbitt instituted a suit against M. B. James, in which he sought to recover the land, alleging that he was the owner and entitled to the possession thereof; and also sought to recover $2,400 as the reasonable rental value of the farm for the eight years the said James had held possession of the land. The court sustained a demurrer to this petition, and, the plaintiff declining to plead further, it was dismissed. He appeals.

It was a verbal arrangement. In Speers v. Sewell, 4 Bush, 239, it was held that, where a father had agreed to convey certain land to his son in consideration of his son's caring for him and looking after his business, upon the failure of the father to convey, the son's only remedy was an action to recover the reasonable value of the services rendered by him to his father, and for such amount as should be determined due him he had a lien upon the land.

Again, in Usher v. Flood, 83 Ky., 552, it was held, that where one had taken possession of land under a parol gift, he could neither defeat an action for the re-

covery of the land by the grantor nor enforce a specific performance of the parol gift; but that his only remedy was an action for the value of the improvements put upon the place, and the enforcement of any other equities as the transaction showed him to be entitled to.

These authorities are conclusive upon the point that appellant could not have compelled his half-sister, with whom he made the trade, to convey him the land, although he might have subjected it to the payment of the reasonable value of the improvements put upon the place by him and of the services rendered her by him under their verbal agreement.

Not having elected to pursue this remedy, the Chancellor correctly held that the petition stated no cause of action. Judgment affirmed.