## Grace v. Gholson, et al.

(Decided June 2, 1914.)

### Appeal from Ballard Circuit Court.

1. **Statute of Frauds—Sale of Land Within Unenforceable.—A parol** contract for the sale of land is within the Statute of Frauds and therefore unenforceable at the suit of either party.

2. **Statute of Frauds—Consideration Paid on Contract within Statute May Be Recovered.—Where, under a contract within the Statute** of Frauds, the vendee has never been placed in the possession of land, he may, nevertheless, recover of the vendor whatever consideration he paid therefor with interest, which should be adjudged a lien on the land and paid by its sale. In such case his right to a return of the consideration cannot be prevented by an offer, after suit, on the part of the vendor to perform the contract.

HENRY H. TURNER for appellant.

HENDRICK & NICHOLS and ED REESOR for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Prior to July 22, 1912, the appellant, R. E. Grace, contracted to sell to the appellees, J. H. Gholson and R. E. Bayles, his undivided half of a tract of land containing 173 acres, lying in Ballard county, at the price of $2,000.00. Of this amount appellees agreed to pay $1,245.00 in satisfaction of the first annual premium on a policy of insurance of $35,000.00 which appellant agreed to take upon his life in the Citizens' National Life Insurance Company through appellees as its agents; and for the remaining $755.00 of the purchase price to be paid for the land, appellees agreed to execute to appellant their note, payable twelve months after date, with six per cent interest from date, its payment to be secured by a vendor's lien retained on the land. There was a mortgage lien of $4,000.00 upon appellant's undivided half of the 173 acres of land and two other small tracts owned by him, and this lien appellant agreed to immediately have released upon the undivided half of the 173 acres purchased by appellees. It was further a part of the contract between the parties that upon the delivery to appellant of appellee's note for $755.00 and the insurance policy of $35,000.00 upon appellant's life, the latter, together with his wife, would execute and deliver to appellees a deed of general warranty conveying to them, unencumbered, the fee simple title to his undivided half of the

173 acre tract of land. Pursuant to the terms of the contract appellees paid for appellant to the Citizens' National Life Insurance Company the $1,245.00 due as the first annual premium on the policy of $35,000.00 on appellant's life, and about August 12, 1912, delivered to him the insurance policy in question and their note of $755.00, bearing interest from date and payable twelve months after date. But at that time appellant had not obtained a release of the mortgage lien upon the undivided half of the 173 acres of land he contracted to convey appellees, nor did he then or thereafter make them a deed thereto.

The contract in question was never reduced to writing but was wholly verbal, and upon appellant's failure to execute the same according to its terms appellees brought this action in the Ballard circuit court to recover of appellant the $1,245.00 which they paid for him to the Citizens' National Life Insurance Company as the first annual premium on the policy of $35,000.00 issued to him by it; and to obtain a cancellation of the $755.00 note which they executed to him for the remainder of the consideration of $2,000.00 they were to pay for the land.

The answer of the appellant admitted that the contract for the sale of the land was verbal and therefore unenforceable; also appellees' right to the cancellation of the $755.00 note, but denied their right to recover the $1,245.00 premium which had been paid by them for appellant on the policy of insurance of $35,000.00 issued on his life by the Citizens' National Life Insurance Company. On the hearing the circuit court granted appellees the entire relief sought by them, that is; it cancelled the note and adjudged to appellees the $1,245.00, with six per cent interest from August 12, 1912, gave them a lien for its payment upon the undivided half of the 173 acre tract of land appellant had contracted to convey them, and directed its sale in satisfaction thereof. Appellant complains of that judgment, hence this appeal.

It being admitted by the pleadings that the contract with respect to the sale of the land was not in writing, it necessarily follows that it was within the Statute of Frauds (Section 470, Kentucky Statutes), therefore it was void *ab initio* and unenforceable at the suit of either party to the contract. While the evidence shows that after the date of the parol agreement made by the parties there was a deed executed by appellant, by which he claims to have made a conveyance of the land to appel-

lees, according to his own testimony, the deed contained a mistake, in that it purported to convey nine acres more of land than he had contracted to sell appellees, for which reason he required its return to him. This deed was never accepted by appellees, and it is further apparent from the evidence that at the time of its execution appellant had not complied with his undertaking to have released the mortgage lien existing upon his undivided half of the land described in the deed. It is true that by an amended answer, filed after the evidence was all taken and the case was ready for submission, it was alleged that appellant had obtained a release of the lien and had executed another deed conveying appellees the land purchased by them in accordance with the terms of the contract; it being stated in the amended answer that a tender was made of the deed, but the record fails to show any such tender nor does such a deed appear therein. If, however, there had been a release of the lien and a proper tender made of the deed with the amended answer, it could have availed nothing, as the contract as originally made by the parties was never in writing and appellees, by the institution of their action had made their election not to be bound by it for that reason. Because of its being within the Statute of Frauds they had the right to resist its enforcement, and after asserting such right by action, appellant, by a tender of performance, could not take the contract out of the Statute. As said in Curnutt v. Roberts, 11 B. Mon., 42, Judge Simpson delivering the opinion:

"The question presented is, substantially, whether a vendor, when the contract for the sale of land is merely verbal, and not reduced to writing, can at his option, by tendering an execution of the contract upon his part, render it valid and enforcible, notwithstanding at the time it was entered into, it was within the operation of the Statute of Frauds, and no action could be maintained upon it by either party. If such a right existed in the vendor, it in effect places it in his power, at his election, to make every verbal contract for the sale of land binding upon the parties, although no such right exists in the vendee. * * * A verbal contract for the sale of land, is not legally obligatory upon either party, until some writing evidencing the sale, and sufficient to take the contract out of the operation of the statute of frauds, is executed by the vendor and accepted by the purchaser."

The only question of difficulty presented by the record is as to the selection of a proper basis upon which to equitably determine the respective rights of the parties in such a way as will not result in injustice to either of them. Where one takes possession of land under a parol purchase of same, although he cannot defeat an action for its recovery by the holder of the legal title or enforce a specific performance, he has a resisting equity which entitles him to a lien upon the land for the consideration paid for it and the enhanced value given the land by such lasting and valuable improvements as he may, in good faith, have put upon it. But he is chargeable with rent during his occupancy thereof; and in adjusting the rights of the parties in such a state of case the correct rule as to the quantum of rents is that they should be regulated by the interest on the consideration and on the value of the improvements, being neither greater nor less than their united amount. Fox v. Longly, 1 A. K. Mar., 388; McCracken v. Sanders, 4 Bibb, 511; Dean v. Cassidy, 88 Ky., 572; Usher v. Flood, 83 Ky., 552; Bullitt v. E. Ky. Land Co., 99 Ky., 324; Morton's Heirs v. Ridgeway, et al, 3 J. J. Mar., 258; Hawkins v. Brown, et al, 80 Ky., 186; Elliott v. Walker, 145 Ky., 71; Coffee, et al, v. Humble, et al, 154 Ky., 708; Grainger v. Jenkins, et al, 156 Ky., 257. But in this case the appellees were never given possession of the land under the parol contract, so the equities to which either party may be entitled cannot be settled according to the rule obtaining when the vendee holds the possession, but must be determined by the facts appearing in the record; and we know of no better principle upon which to rest the adjustment of their rights than to hold that the judgment should have been such as would have restored the parties as nearly as practicable to the situation they occupied at the time the contract was made. Tested by this rule we find that though appellant parted with nothing, he secured by means of the unenforcible contract with respect to the land, a policy of insurance of $35,000.00 upon his life and the payment for his benefit, free of cost to him, of the first annual premium of $1,245.00 due thereon, which was made for him by appellees. Whether the policy is still alive does not appear from the record, but it was kept alive for at least one year by the premium paid for appellant by appellees, and if he had died during that year his estate or the beneficiary named in the policy, would have received its proceeds of the insurance

company. Upon the other hand, appellees not only failed to obtain a deed conveying them a fee simple, unencumbered title to the land, but they paid thereon the consideration to the extent of the $1,245.00 in the insurance premium for appellant, and, in addition, obligated themselves to pay him the further sum of $755.00 for which he held their note. In this view of the matter we are of opinion that the only way to equitably adjust the rights of the parties was to cancel the note of $755.00 held by appellant against appellees, and compel him to repay them the $1,245.00 insurance premium they paid for him to the Citizens' National Life Insurance Company, with interest from the date of its payment; and as this was the basis adopted by the circuit court for determining the rights of the parties, the judgment is affirmed.