### Turner v. Davis, et al.

(Decided April 23, 1918.)

### Appeal from Jackson Circuit Court.

Improvements—Compensation—Lien.—One who in good faith takes possession of land under a parol purchase or exchange, and who in like manner makes valuable and lasting improvements thereon, is entitled upon a rescission of the contract, or upon being deprived of the land at the instance of the vendor, to a lien thereon for the enhanced value which the improvements have produced.

A. W. BAKER for appellant.

W. E. BEGLEY and J. J. DAVIS for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This suit was brought by appellant, the plaintiff below, against the appellees, who composed the Board of Education for Jackson county, Kentucky, to recover possession of one acre of ground with improvements which was occupied and used as a school house site for common school district No. 39 in Jackson county.

The answer as amended conceded that the district had no title to the lot in question but alleged that it had been purchased from plaintiff under an oral contract for the purpose of erecting a school house thereon, which had

been done at a cost of $375.00, and that other improvements had been put on the lot, the school house equipped with benches and other articles necessary to the conduct of the school, at an entire cost of $425.00, excluding the benches, and defendant asked that the court adjudge it a lien for the improvements which it was alleged enhanced the value of the lot to the extent of their cost, and that it be permitted to retain the benches and other school apparatus, and be adjudged a lien on the lot for the improvements and it be ordered sold for their payment.

The substance of the reply and its amendments is that the school district did not make its improvements in good faith believing that it was the owner of the lot and entitled to its possession, and it was not therefore entitled to such equitable relief. A rejoinder put in issue those affirmative allegations, and upon submission of the case and the hearing of proof, the case having been transferred to equity, the court rendered a judgment in accordance with the prayer of the answer and adjudged defendant a lien on the lot for the sum of $425.00, and ordered it sold to realize that sum, and from that judgment plaintiff prosecutes this appeal, insisting that the court erred in allowing anything for improvements and in not adjudging him to be the owner of the lot with the improvements and entitled to the possession of it.

The testimony discloses substantially these facts: That in 1899 one Shepherd executed a deed to the district for one-fourth of an acre of ground upon which a school house was erected, and it was used for many years for school purposes. In the deed there was a clause that the ground should revert to the grantor when abandoned by the district for school purposes. This deed was never put to record, and in some way got into the possession of a then trustee of the district who afterwards went out of office, and the deed became practically lost.

In February, 1912, plaintiff purchased by parol contract one acre of ground lying immediately adjacent to the school house land from one Johnson, the vendee of Shepherd, which was intended to be used for the purpose of constructing a church thereon, but no church was ever built there. The school house became dilapidated, and it was necessary that a new building be erected. The plaintiff, for the church congregation, believing that he could repair the school house so that it could be used as a church, proposed to the district that it exchange its

lot for his adjoining acre of ground, which proposition was accepted, and the district immediately constructed a school house on the acre which it obtained in the exchange and made other improvements thereon hereinbefore alluded to. The exchange of lots was in parol, and was made at a time when plaintiff had no deed to the lot in contest. The old school house was reserved in the parol exchange by the district, but it agreed to sell it to the highest bidder, which was done, and the plaintiff became the purchaser at the price of $20.00. It was afterwards converted into a church building and used by the congregation until about the time this suit was brought, when it was voluntarily surrendered to the remote vendee of Shepherd, who took possession of it and converted it to his own use. This surrender was made because of the reverting clause in the deed from Shepherd to the school district, and plaintiff claims the right to maintain this suit because of such clause, and the further fact that instead of there being an acre of land owned by the district, there was only one-fourth of an acre contained in the deed to it.

Perhaps no principle of equity is better settled than the one that a vendee who takes possession of land under a parol gift or purchase, and who in good faith believes himself to be the owner of it, and while such makes improvements thereon which enhance the value of the property, shall have a lien on the land for the enhanced value of the lot which his improvements have created. Speers v. Sewel, 4 Bush 239; Richmond & Lexington Turnpike Co. v. Rogers, 7 Bush 532; McMurtey v. Vowels, 6 Ky. L. R. 719; Winsott's Exr. v. Hutchings, 5 Ky. L. R. 422; Strother v. Cyrus, 5 idem 58; Hoffman v. Hoffman, idem 935; Burk's Admr. v. Lane Lumber Co., 28 Ky. L. R. 545; Poole v. Johnson, 31 Ky. L. R. 168; Padgett v. Decker, 145 Ky. 227; Bobbitt v. James, 148 Ky. 244; Boone v. Coe, 153 Ky. 233; Granger v. Jenkins, 156 Ky. 257; Grace v. Gholson, 159 Ky. 359, and many other cases from this court which might be cited.

The converse of the rule is equally true; i. e., that if the improvements should not be made in good faith, or if the one making them has actual knowledge of an adverse superior claim, he will not be entitled to an allowance for improvements, and it is upon the cases so holding that plaintiff relies for a reversal of the judgment. His position would be correct if the facts found in the record sustained his contention, but on the contrary it is

abundantly shown—and indeed denied by no one—that the school district at the time it made the exchange, and when it placed upon the lot which it obtained the improvements for which it is now contending, acted in the best faith and under the *bona fide* belief that it not only had title to an acre of ground under the deed from Shepherd, but that such title was an absolute one. Not one of the trustees living and holding office at the time that deed was made was in office at the time the exchange was made, but on the contrary the plaintiff was a trustee at that time, and if any presumption is to be indulged in at all, it would be that he knew the contents of that deed. The deed for all practical purposes was lost, and there is therefore no room for the application of the authorities relied on by plaintiff. Some of the cases, *supra,* will be found to contain facts quite identical with those found in this record, in that there was a parol exchange of land, but this does not militate against the application of the equitable rule under consideration, since "In an exchange of lands each is the vendor as regards the place he lets go, and is the vendee as regards the place he gets." 6 Ky. Law Rep. 719. We do not deem it necessary to quote from any of the opinions the reasoning of the court concerning the foundation for the rule. It is sufficient to say that it is largely founded upon and grows out of the equitable maxims that "He who seeks equity must do equity," and "He who comes into equity must do so with clean hands." We are not concerned now with the equitable rights of plaintiff growing out of the fact of failure of consideration for the lot in question, because his pleadings are not framed so as to give him any relief on that account, nor is any insistence of that character made on this appeal, even should it be conceded that he is entitled to any such relief, and we therefore refrain from expressing any opinion upon that question further than to say that the failure of consideration does not relieve the vendor from his liability to the vendee for enhancement produced by improvements made upon the land by the latter under circumstances entitling him to a lien.

There is no complaint as to the value of the enhancement of the lot because of the improvements in this case, as found by the trial court, nor indeed could there be under the testimony.

We therefore find no error in the record authorizing us to disturb the judgment and it is therefore affirmed.