## Sutherlin, et al. v. Pryor, et al.

(Decided April 30, 1918.)

### Appeal from Graves Circuit Court.

Improvements—Lien.—Where a father put his daughter in possession of a tract of land, part of which he verbally agreed to convey to her, and consented to the erection of a barn, by the husband of his daughter, upon land they in good faith believed to be within the promised boundary, the daughter having died intestate, her children, upon being dispossessed of the improvement, have a lien upon the land in the amount its vendible value was thereby enhanced.

STANFIELD & STANFIELD for appellants.

J. C. SPEIGHT for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Richard Pryor, who died intestate February 1, 1916, left surviving him four children, the appellees, and two grandchildren, the children of a deceased daughter, Nannie Sutherlin. About fifteen years prior to his death, he conveyed to each of his children, other than Nannie Sutherlin, eighty acres of land, and promised his daughter, Nannie Sutherlin, who with her husband and children, lived with him, to convey to her the west half of the quarter section of land upon which he lived. This he did not do, but after his death, appellees, in compliance with their father's request, in May, 1916, conveyed to Mrs. Sutherlin's children, the appellants, the west half of the quarter section upon which he lived, found upon survey to contain eighty-three and one-quarter acres.

Thereafter, in June, 1916, this action was instituted by three of the appellees against appellants and one appellee to sell the remaining 280 acres, of which Richard Prior died the owner, upon the ground that it was indivisible. Answers being filed for appellants by guardian *ad litem* as well as by their statutory guardian, proof was heard and the land was adjudged to be indivisible and ordered to be sold, at which sale appellees, J. W. Pryor, G. W. Pryor and A. J. Pryor, became the purchasers at $7,050.00.

Appellants, by their statutory guardian, filed exceptions to the report of sale, and also filed an answer and cross-petition in which it was alleged that, after de-

cedent had put their mother in possession and agreed to convey to her the west half of the quarter section of the land upon which he lived, she, in good faith, built improvements upon the same, amounting in value to about $5,000.00, including a barn which, they had discovered since the sale, was not upon the tract conveyed to them but was just over the line on the land sold by order of the court herein; that the barn was constructed upon the land upon the representation of their grandfather, and in the belief of all parties, that it was upon the land decedent had promised to give to his daughter; that the barn enhanced the value of the land upon which it was built in the sum of $500.00; and that they had a lien upon the land sold in that sum. After a reply had been filed controverting the allegations of the answer and cross-petition and proof had been heard, the court overruled the exceptions to the report of sale and dismissed appellants' answer and cross-petition, from which judgment they prosecute this appeal.

Upon this appeal, it seems to be conceded by counsel for appellants that there was no error in overruling their exceptions to the report of sale, which is true, because they are in no position to complain of the sale even if, as claimed for them, they were entitled to an equitable lien upon the land, since same was not asserted before sale, and could not have affected the sale adversely to their interests in any way and can be satisfied out of the proceeds of the sale, which is in court undisturbed; and it is this relief which they were seeking to enforce by the answer and cross-petition that they are now insisting was erroneously denied them.

To sustain their claim to an equitable lien upon the land sold for the enhanced value thereof resulting from the construction of the barn thereon, appellants rely upon the rule thoroughly established by many cases that a person who enters upon land in good faith believing that he is the owner of it is entitled, if dispossessed, to be compensated for improvements made by him, while believing in good faith that he was the owner of it, to the extent the improvements have increased the vendible value of the land—Loeb v. Conley, 160 Ky. 91; Turner v. Davis, 180 Ky. 236—and that this right survives to heir of the person who thus made such improvements. Burk's Admr. v. Lane Lumber Co., 89 S. W. 686.

Appellees do not question the principle of law relied upon by appellants, but insist the proof does not show appellants entitled to the relief. Although Richard Pryor continued to live upon this land with the Sutherlins and permitted them to use such parts of the entire 360 acres as they desired, it is nevertheless true that the parents of appellants were put in possession of the west half of the quarter section under a promise to convey same to the daughter; that while thus in possession of this land, believing they were the owners thereof, they were induced to build the barn in question at the place selected by Mr. Pryor upon his assurance, and in good faith believing, that the place selected by him was on the land he had promised to give his daughter and that they would have no trouble about the barn. It is now discovered since his death and the death of his daughter that the barn is not on the west half of the quarter section that Mr. Pryor promised to convey to his daughter and that has been since his death conveyed to her children, but is upon land owned by decedent which all parties believed and he represented as being a part of the land promised his daughter. So that, if the judgment herein is sustained, Mr. Pryor's estate will acquire the barn which enhanced the vendible value of his land in the sum of $400.00 or more, as shown by the proof, in violation of his agreement and assurance which induced its being built.

The land where the barn was built was in contemplation of all the parties and in fact as much a part of the land promised by Mr. Pryor to his daughter and delivered into her possession as any other portion thereof, although it was referred to as the west half of the quarter section in the erroneous belief that such a description included the land upon which the barn was built, and having been dispossessed of a part of the land of which she was thus possessed and upon which she and her husband erected improvements in good faith believing she was the owner thereof, her children after her death are, equitably and in good conscience, entitled to a lien upon same in the amount its vendible value was enhanced thereby.

These facts, in our judgment, bring the case squarely within the letter as well as the spirit of the principle of law relied upon by appellants and entitled them to the relief sought in their answer and cross-petition.

Wherefore, the judgment dismissing appellant's answer and cross-petition is reversed and the cause remanded for proceedings consistent herewith.