## Duke's Admr. v. Crump.

(Decided October 10, 1919.)

## Appeal from Hart Circuit Court.

1. Executors and Administrators—Services—Relatives—Presumption
—Pleading—Evidence.—Where in an action by a nephew to charge
the estate of his aunt for services rendered her in consideration
of her agreement to give him all her property at her death, the
administrator filed an answer denying that the parties made the
contract sued on, or any other contract except "as it will appear
hereinafter," and then alleged a different contract from that sued
on, the admission that there was a contract was sufficient to over-
come the presumption that the services were gratuitous, and to dis-
pense with the rule requiring the establishment of an express con-
tract by stricter proof than is necessary in the case of an ordinary
contract.

2. Frauds, Statute of—Operation and Effect—Oral Agreement to De-
vise Real Estate—Services and Reliance on Contract.—An oral
agreement to devise real estate to another in consideration of
services to be performed is within the statute of frauds and cannot
be enforced, but the party performing the services is not without
a remedy and may recover the reasonable value of his services.

3. Appeal and Error—Trial—Instructions—Pleading—Proof.—Where
in an action by a nephew to charge the estate of his aunt for
services rendered in consideration of an agreement by her to give
him all her property, there was neither pleading nor proof of the
value of his services, it was error to instruct the jury that the
measure of his recovery was the reasonable value of his services.

WATKINS & CARDEY for appellant.

LARIMORE & WHEELER and M. B. HARLIN for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY,
COMMISSIONER—Reversing.

Juliet T. Duke, who was a resident of Hart county,
died intestate on January 12, 1916. She was about 84
years of age at the time of her death and had been a
widow for several years. J. L. Crump was a nephew of
the intestate and lived in an adjoining county. In the
month of August, 1914, he took up his residence at the
home of his aunt, who owned a small amount of personal
property and land worth about $1,000.00. While Crump
was there, she furnished him board and lodging and
gave him the use of a blacksmith shop on the premises.

At the same time, he got the firewood, worked in the garden, did the milking and feeding, and waited on Mrs. Duke until her death.

Charging that Mrs. Duke, at the time of her death, was the owner of personal property of the value of $62.50, and of real estate of the value of $1,000.00, and that she entered into a contract with him by which she agreed to give him all her property at her death in consideration of the services above set out, and that she failed to comply with her contract, Crump brought this suit against Mrs. Duke's administrator to recover the value of her estate. The administrator filed an answer denying that his intestate and plaintiff made the contract sued on, or any other contract except "as it will appear hereinafter," and then alleged that the only contract which his intestate had with plaintiff was that she would furnish him board and lodging and a blacksmith shop, and pay him the sum of $50.00 a year for his services in milking her cow, cutting firewood, cultivating the garden, etc., and that he had been paid all that was due him under the contract. A trial before a jury resulted in a verdict and judgment for plaintiff in the sum of $1,062.50, and the administrator appeals.

It is first insisted that plaintiff's evidence was not sufficient to establish the contract sued on. In support of this position it is argued that the case comes within the rule that where the relationship of the parties is such as to raise the presumption that they lived together as a matter of mutual convenience, the law will not imply a promise to pay for the services rendered, but requires the establishment of an express contract by stricter proof than is necessary in a case of an ordinary contract. Bolling v. Bolling's Admr., 146 Ky. 313, 142 S. W. 387. Whether this contention would have been meritorious had the administrator merely denied the execution of the contract sued on, it is unnecessary to determine. As a matter of fact, the administrator did not confine his defense to a general denial of the contract, but went further and claimed that there was a contract between the parties, but that the contract was different from that set forth in the petition. In other words, he admitted that there was a contract, and this admission was sufficient to overcome any presumption arising from the relation of the parties that the services were gratuitous. That being

true, the only issue was whether the contract sued on, or the contract set out in the answer, was the contract between the parties, and considering the evidence in the light of this issue, we conclude that it was sufficient to make the question one for the jury.

In case the jury found for plaintiff, they were authorized to find the reasonable value of his services. Defendant insists that this instruction was erroneous because plaintiff neither pleaded nor proved the value of his services. On the other hand, plaintiff claims that defendant was not prejudiced by the given instruction because the value of the property devised was the true measure of recovery, and the jury fixed the recovery at that sum. Plaintiff's cause of action is based on decedent's breach of an oral agreement to give plaintiff all her property at her death. The property consisted of personalty of the value of $62.50, and of land worth about $1,000.00. It is well settled that an oral agreement to devise real estate to another in consideration of services to be performed is within the statute of frauds, and cannot be enforced. Bobbitt v. James, 148 Ky. 244, 146 S. W. 431; Spears v. Sewell, 4 Bush, 239; Boone v. Coe, 153 Ky. 233, 154 S. W. 900, 51 L. R. A. (N. S.) 907. However, the party performing the services is not without a remedy, but may recover the reasonable value of his services. Bobbitt v. James, *supra;* Spears v. Sewell, *supra;* Myles v. Myles, 6 Bush 237; Usher v. Flood, 83 Ky. 552; Boone v. Coe, *supra.* While it is true that there is a class of cases holding that for a breach of a contract to devise, the measure of recovery is the value of the property agreed to be devised, it will be found that that rule is confined to cases where the benefit to the intestate cannot be measured in money, and there is no way to determine the amount of recovery except by the pecuniary standard fixed by the parties to the contract. Berry v. Graddy, 1 Met. 553; Benge v. Hiatt's Admr., 82 Ky. 666; Doty's Admr. v. Doty's Guardian, 118 Ky. 204, 80 S. W. 203. Here, the benefit to the intestate could be measured by ascertaining the reasonable value of plaintiff's services, and no resort to the standard fixed by the contract was necessary. That being true, the measure of recovery fixed in the instruction, to-wit, the reasonable value of plaintiff's services, was technically correct, but as plaintiff neither pleaded the reasonable value of his services, nor offered any evi-

dence on the question, it follows that that portion of the instruction fixing the measure of recovery was unauthorized.

Judgment reversed and caused remanded for a new trial consistent with this opinion.