## Clay v. Carter.

(Decided November 23, 1928.)

### Appeal from Carter Circuit Court.

1. Pleading.—For purposes of case, undenied averments of defendant's answer must be accepted as true upon demurrer to answer.

2. Pleading.—In action for balance due on purchase price of restaurant and fixtures, in which plaintiff alleged that value of land which defendant refused to convey as part of consideration was $900, but defendant in answer alleged that value was no more than $500, maximum that plaintiff could recover on demurrer to answer was $500, and judgment for $900 was erroneous.

3. Frauds, Statute of.—Upon rescission by either party of oral contract which is required by law to be in writing, duly signed, well-defined equities flow and give rise to right of accounting by and from both parties, since such contract is not void but only voidable.

G. W. E. WOLFFORD for appellant.

JOHN M. THEOBOLD for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellee and plaintiff below, H. B. Carter, filed this ordinary action in the Carter circuit court against appellant and defendant below, Johnson Clay, seeking to recover judgment against him for the sum of $900, alleged balance due on the purchase price of a restaurant and fixtures in Olive Hill, Ky., theretofore sold by plaintiff to defendant for the alleged sum of $2,000, $1,100 of which was paid at the time. It was further averred in the petition that the $900 sued for was agreed to be paid by defendant conveying to plaintiff two small tracts of land in Elliott county, Ky., which the parties valued at that amount, and that defendant had failed and refused to make the conveyance, and judgment was sought for that agreed value.

The answer, as reformed and amended by defendant's third effort to do so, denied that the consideration for the property he purchased from plaintiff was $2,000, but that the true consideration was the delivery by him to plaintiff of one automobile, three mules, and the payment of certain bills owed by plaintiff, all of which defendant had done and performed, and which amounted to $1,100, according to the agreed valuation by the parties, and that in addition thereto plaintiff agreed to accept the conveyance to him of such title to the land as defendant had, and which he alleged in his answer was only an equitable one and obtained by him from one Parrish, who had obtained it from the legal owners, who were the heirs of one Porter, deceased, and that the latter owned the naked legal title, and that plaintiff agreed to accept a deed from Parrish as soon as he procured the legal title, but that he died before doing so; that plaintiff was immediately put into possession of the two tracts of land at the time the restaurant was purchased, and had held possession of one of them for five years at the time the last amended answer was filed; but that, in the meantime, he sold one of the tracts to a Mr. Johnson for the sum of $350, and collected from him $300, leaving $50 of the consideration unpaid; that the reasonable rental value of the other tract of which defendant had been in possession was $50 per year, and that if plaintiff, who was still in possession at the time of the filing of the answer, decided to rescind that portion of the contract agreeing to convey the land by defendant to him, because it was in parol, then he should surrender possession and render an accounting. It was furthermore averred in that amended answer that the two tracts of land were not worth at the time exceeding $500, and that in no event could plaintiff recover judgment for more than that sum. Plaintiff's demurrer filed thereto was sustained with exceptions, and defendant declined to plead further, whereupon judgment was rendered against him for $900, and to reverse it he prosecutes this appeal.

Counsel for appellee, in an effort to sustain the judgment, argues that the consideration for the restaurant was $2,000, $900 of which was agreed to be paid by conveying the land, and that, since defendant had failed to perform his contract to convey, plaintiff had the right to sue for the value of the land as agreed upon by the parties, and all of which is necessarily based upon the aver-

ments of the petition, and if such were the facts the argument is supported by well-established principles of law. But counsel overlooks and loses sight of the fact that the judgment is not to be upheld upon the undenied allegations of the petition. On the contrary, it must stand or fall upon the undenied averments of the answer, as amended, and which for the purposes of this case must be accepted as true upon demurrer. It will be remembered that defendant denied that the consideration for the restaurant was the fixed sum of $2,000, or any other specific amount. That the actual consideration was that plaintiff agreed to accept the automobile, the mules, and the payment of certain bills, all of the aggregated value of $1,100, plus the value of defendant's title to the land in question, which the latter alleged in his answer to be no more than $500. It requires no argument to show that if those facts be true, and which the demurrer admits, then the maximum amount that plaintiff was entitled to recover was only $500 instead of $900, the amount he did recover, and for that reason alone the judgment was and is erroneous.

But the answer further attempted to allege (but perhaps imperfectly) a state of facts (if properly stated) entitling defendant to an accounting from plaintiff and disentitling the latter to the right to rescind the contract for the conveyance of the land without returning, or offering to return, the possession of it to defendant. In other words, defendant attempted to aver that the agreement to convey the land was in parol only, and not evidenced by any writing signed by the party to be charged, but that plaintiff, the vendee, under the parol contract was immediately put in possession which he had since retained. He likewise asked that Johnson and the Porter heirs be made parties and that the title to the land be perfected in this litigation.

Whatever may be the rights of the parties with reference to the perfecting of the title, as asked, it is clear that if plaintiff agreed to accept whatever title to the land that defendant had at the time of the trade, and he then had any title, plaintiff can demand no more of him, and to the extent of that interest, if any; defendant is entitled to an accounting, since it is universally held by this and other courts that a contract entered into, and which is required by the law to be in writing duly signed, is not void if not so evidenced, but only voidable; and

upon rescission by either party certain well-defined equities flow and give rise to the right of an accounting by and from both parties. Grace v. Gholson, 159 Ky. 359, 167 S. W. 420; Bobbitt v. James, 148 Ky. 244, 146 S. W. 431; Padgett v. Decker, 145 Ky. 227, 140 S. W. 152; Usher's Ex'r v. Flood, 83 Ky. 552; Dean v. Cassiday, 88 Ky. 572, 11 S. W. 601, 11 Ky. Law Rep. 105; Glass v. Abbott, 6 Bush, 622; Fox's Heirs v. Longly, 1 A. K. Marsh. 388, and Coldwell v. Davidson, 187 Ky. 490, 219 S. W. 445. Many other cases from this court so holding could be cited, but we deem it unnecessary, since there are none to the contrary. However, if upon the development of the facts it should turn out that defendant had no sort of enforceable title to the land, then he would have no right to an accounting from plaintiff, since in that event such right would be possessed by the true owners of the land.

Defendant in his answer merely alleged that he was the equitable owner of the land, the title to which he obtained from Parrish, who obtained it from the owners; but he nowhere stated in his pleading how or in what manner such equitable title was derived, and perhaps for that reason his pleading in this respect was faulty. Upon a return of the case he should be permitted to amend, if he so desires, so as to show such facts and the rights of the parties duly adjudged after evidence taken and heard.

Wherefore, the judgment is reversed, with directions to set it aside and to overrule the demurrer to the answer as a whole, and for proceedings consistent with this opinion.