## Small's Administrator v. Peters et al.

(Decided March 25, 1930.)

WORTHINGTON, BROWNING & REED for appellant.

J. M. COLLINS and B. S. GRANNIS for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Horace Small and Ed Rice, both negroes, lived in Mason county. Small's wife and Rice's wife were relatives. Small's wife was delicate, and they had no children. When Rice's daughter Myrtle was about six years old she went to the home of Small and wife on a visit, which lasted some weeks. At the end of that time Small and wife brought her back to her father and mother and wanted to adopt her. Ed Rice was unwilling to give his child away and did not want her name changed, thinking they would have to change her name if she was adopted. After some further discussion, as Ed Rice states it: ''He said if I let her go there to stay with them and if she was the longest liver she would get what he had, he had no children to leave it to and would like for her to go and stay if I would let her, and we agreed to let her go back. He told me he was going to make a will to her.'' Mary Rice, the mother, gives similar testimony, and their testimony is corroborated by declarations subsequently made by Small and wife to other people.

Small and wife took the child home with them, and she lived with them on the most affectionate terms; they treating her as a daughter, sending her to school, and caring for her just as they would their own child until she married, when she was about twenty years of age. After she married she went to her husband's home for a while, but when Small's wife became sick she came back and nursed her and took care of her until she died. After her death she went away for some months, during which her baby was born, and not long after this Horace Small became infirm and she returned to the home and took care of him until he died. There never was any breach between her and the Smalls. They always treated her as they would a daughter, but Small died without making any will or a provision for her in any way, leaving an estate of value $2,400. She brought this suit against his administrator to recover on the contract made with her father and mother, and, it being agreed that the estate was of value $2,400, there was a verdict

and judgment in her favor for this sum. The administrator appeals.

The first question in the case is: Should the court have peremptorily instructed the jury to find for the defendant? In Benge v. Hiatt's Adm'r, 82 Ky. 666, 56 Am. Rep. 912, the mother of a little child three years old surrendered it to its putative father in consideration that he would take care of him and educate him and would give him $1,000 in money and the tract of land on which he lived, of value $2,700. The father took the child under the agreement, but was suddenly taken ill and died without making any provision for the child. Holding that the child could recover the court said:

"The agreement on the part of the mother had been fully performed. The infant was in the custody of the father, under a contract that had never been rescinded, and while the promise to convey the land could not be enforced because not in writing, and for the additional reason, as alleged, that it had been sold by the heirs, its equivalent in value can be given, not as the measure of damages for failing to convey the land, but as constituting in part the standard of value agreed on by the father for the relinquishment or surrender by the mother; and so of the $1,000 agreed to be paid as alleged. The mother cannot be deprived of the child, and no damages awarded or compensation made, because the consideration agreed to be paid was not in writing."

In Broughton v. Broughton, 203 Ky. 692, 262 S. W. 1089, 1091, Arthur Broughton was the son of G. W. Broughton by his first marriage. Arthur married and had a son Forest and died shortly after the birth of his son. The old people were fond of the widow and child, and they remained in the home with them for some time. The son's widow then married again, and the grandparents, being anxious to keep the boy, made an agreement by which the grandfather agreed to give him all of his property at his and his wife's death in consideration of the mother surrendering to him the boy, and permitting him to have the control of the child. The agreement between the grandfather and the mother was enforced. The court said:

"Where the benefits to the intestate cannot be measured by any of the ordinary pecuniary standards, the courts adopt the one fixed by the parties

themselves, and award the claimant the value of the property promised." To the same effect see Berry v. Graddy, 1 Metc. 553; Usher v. Flood, 17 S. W. 132 12 Ky. Law Rep. 721; Jones v. Conner, 76 S. W. 392, 25 Ky. Law. Rep. 773; Doty v. Doty, 118 Ky. 204, 80 S. W. 803, 26 Ky. Law Rep. 63, 2 L. R. A. (N. S.) 713, 4 Ann. Cas. 1064; Bowling v. Bowling, 222 Ky. 396, 300 S. W. 876.

The proof here brings the case clearly within the rule laid down in these cases. The verdict is not against the evidence. The recovery was properly not limited to the value of the property Small had at the time the contract was made. He had the right to sell his property as he pleased. The contract applied only to what he had at his death. Whether there was sufficient evidence to take the case to the jury was a question of law for the court. It was not proper that the court should tell the jury that they should not find for the plaintiff, unless the claim was established by clear and convincing evidence. If the claim was not sufficiently established, the court could grant a new trial. The evidence here is sufficiently clear to warrant the verdict, and to sustain the judgment.

The measure of recovery in such cases is not the value of the services the child rendered. Money cannot buy the love and affection of a child. These people wanted the child in their home as their child. It is peculiarly one of those cases where the consideration of the contract cannot be measured in money, and where the only adequate way to give compensation for the breach of the contract is to measure the damages by the amount of the consideration named in the contract.

Judgment affirmed.