Affirming.
This appeal brings here for review the trial of appellant's counterclaim against the estate of A.T. Hinton. T.W. Crown, as the executor of the will of A.T. Hinton instituted an action against appellant and wife, Rosie Hinton, to quiet the title of the estate of A.T. Hinton to certain land situated in Allen county, Ky., and to remove a cloud on the title, created by the alleged claim of title of J.B. Hinton. To prevent his recovery, J.B. Hinton traversed the allegations of the petition and set up an alleged oral contract of purchase of the land by him from the decedent A.T. Hinton for a valuable consideration, which is alleged in this language: It was "agreed upon then and prior to said time (Aug. 23, 1924) paid and to be thereafter paid and the performance of the conditions and stipulations of said consideration and the mutual performance by and between the defendant J.B. Hinton and A.T. Hinton, the said A.T. Hinton, promised, agreed and bound himself absolutely and without reservation to devise the land" to him, A.T. Hinton. *Page 666 
He avers that, in pursuance to this contract, A.T. Hinton placed him in possession of the land and permitted him to keep and enjoy it during the remainder of his life. He avers that in recognization of this contract A.T. Hinton on the 23d day of August, 1924, executed and published a will, the fourth clause of which is alleged to be in this language:
 "I will, bequeath and devise to my nephew J.B. Hinton absolutely and without reservation all my land situated on the left hand side of the Jackson Highway or Gallatin pike going south from Scottsville, that is the lands bounded by the lands of will Frost and Rath Sarver and the right of way of the L. N. R. R. Co., or said Jackson highway or Gallatin pike."
But subsequently, he avers, that the testator made and published another will "revoking all the terms and provisions of his will of date August 23, 1924, and thus denying title in this defendant . . . and vesting title thereto in the estate of the said A.T. Hinton and the plaintiff as executor thereof." He alleges he is the owner of the land and is entitled to be adjudged to be the owner of it or that the estate of A.T. Hinton pay to him its reasonable fair value, which is alleged to be $1, 500.
The issues were made up, evidence taken, judgment was rendered dismissing his counterclaim, from which be appeals. It is to be noted that appellant does not allege nor does he attempt to prove a consideration paid or the value of the services performed by him for decedent in the execution of the alleged parol contract. Not only is there no allegation made relating to the amount or value of the consideration, but no witness was asked or answered as to either.
The appellant, J.B. Hinton, was a nephew of A.T. Hinton. They resided a short distance from each other. By some sort of an agreement between them entered into in 1924, J.B. Hinton cleaned the land involved by removing the bushes and grubs from it; furnished the wire and fenced it; furnished manure from his own premises with which to fertilize it; planted it in corn one year, and thereafter it was sowed in grass; he furnished the seed and labor, the grass was mowed, he retained two-thirds of the hay and delivered to A.T. Hinton the other third. During the same time J.B. Hinton repaired the fences on *Page 667 
the other lands of A.T. Hinton; cut and hauled firewood for him occasionally, and did and performed at times other services for him about his premises. A will was written containing the clause we have quoted. At the time it was written and published by the testator, he made statements to the attorney who wrote it of his intention or purpose of willing this particular land to J.B. Hinton, and expressed his desire for the appellant to own it.
The appellant here insists that he has established an oral contract between the decedent and himself sufficient to vest him with title to the land, or at least to fasten a trust upon the property entitling him to it or to compensation equal to its value at the date of the death of the testator for a breach of contract. To sustain this contention he cites Skinner v. Rasche, 165 Ky. 108, 176 S.W. 942, and other cases following its pronouncement.
The appellant is confronted with the statute of frauds which provides:
 "No action shall be brought to charge any person . . . upon any contract for the sale of real estate . . . unless the promise, contract . . . or some memorandum or note thereof, be in writing and signed by the party to be charged therewith, or by his authorized agent." Section 470, Ky. Statutes; Duke's Adm'r v. Crump, 185 Ky. 323, 215 S.W. 41; Bobbitt v. James, 148 Ky. 244, 146 S.W. 431; Speers v. Sewell, 4 Bush, 239; Deboe v. Brown, 231 Ky. 682, 22 S.W.2d 111; Small's Adm'r v. Peters, 233 Ky. 576, 26 S.W.2d 491.
It may be regarded in this state that it is a general rule that a contract to convey or devise real estate to another is within the statute of frauds, and that an action to specifically perform it or to recover damages for its breach will not lie. See cases, supra.
But when a contract is established by clear and convincing evidence, the consideration paid thereunder may be recovered (Grace v. Gholson et al., 159 Ky. 359, 167 S.W. 420; Turner v. Davis, 180 Ky. 236, 202 S.W. 487), and when possession has been surrendered to the contractee he has an enforceable lien against the property to secure the payment of the paid consideration. Speers v. Sewell, 4 Bush 239; Richmond Lex. Turnpike Road Co. v. Rogers, 7 Bush 532; Padgett v. Decker,145 Ky. 227, 140 S.W. 152; Bobbitt v. James, supra; Grainger v. *Page 668 
Jenkins, 156 Ky. 257,160 S.W. 926, L.R.A. 1915E, 404; Grace v. Gholson, supra.
If the consideration for such contract is services rendered or agreed to be rendered, an action on quantum meruit may be maintained to recover the reasonable fair value of the services performed. Kleemon v. Collins, 9 Bush 460; Myers v. Korb, 50 S.W. 1108, 21 Ky. Law Rep. 163; Bean's Adm'r v. Bean, 216 Ky. 95,287 S.W. 239; Broughton v. Broughton, 203 Ky. 692,262 S.W. 1089; Ecton's Ex'rs v. Vinegar, 225 Ky. 15, 7 S.W.2d 487. The doctrine of these cases is predicated on the premises that the deceased had actually received the benefit of the contract from its performance by the plaintiff, and it would be unconscionable for him to repudiate it and retain the consideration. Hambell v. Hamilton, 3 Dana, 501; Montague v. Garnett, 3 Bush 297; Mannen v. Bradberry, 81 Ky. 153; Boone v. Coe, 153 Ky. 233, 154 S.W. 900, 51 L.R.A. (N.S.) 907. And if possession has been given and the consideration paid by the performance of services, a lien may be asserted on the land to secure the payment thereof. See authorities, supra. In an action for services rendered as a consideration of the contract to convey or devise real estate for service, evidence as to the value of the property agreed to be conveyed or devised is incompetent, and it is error to admit such proof. Benge's Adm'r v. Creech, 175 Ky. 6. 192 S.W. 817; McGrew's Ex'r v. O'Donnell, 92 S.W. 301, 28 Ky. Law Rep. 1366. Unless the benefit received from the services rendered cannot be measured by ordinary pecuniary standards, then the measure of the recovery is the value of the property promised. The measure of recovery in an action on oral contract to convey or devise property in consideration of services depends upon the character of the services, and if the benefit to the contractor can be measured by ascertaining a reasonable fair value, such will be the measure of recovery. It is only when the pecuniary benefit to the contractor on account of the peculiar character of the services performed, their value cannot be reasonably and fairly ascertained when the ordinary criterion is applied to the facts in the particular case, that evidence as to the value of the property agreed to be conveyed is competent. Turner v. Davis, supra. It becomes admissible as competent evidence on the hypothesis that substantial justice cannot be administered by the application of the general criterion of recovery because of the peculiar, extraordinary *Page 669 
benefits to the contractor, and of the special and unusual services of the contractee, and therefore to effectuate substantial justice the courts adopt the measure of recovery fixed by the parties to the contract themselves, and will award the claimant the value of the property promised. Berry v. Graddy, 1 Metc. 553; Usher's Ex'rs v. Flood, 17 S.W. 132, 12 Ky. Law Rep. 721; Jones v. Comer, 76 S.W. 392, 25 Ky. Law Rep. 773; Doty's Ad'mrs v. Doty's Guardian, 118 Ky. 204,80 S.W. 803, 26 Ky. Law Rep 63, 2 L.R.A. (N.S.) 713, 4 Ann. Cas. 1064; Bowling v. Bowling's Adm'r. 222 Ky. 396, 300 S.W. 876; Small's Adm'r v. Peters, supra, and Broughton v. Broughton, supra.
Viewing the proven facts in the present case, in the light of the applicable law, it cannot be said that the appellant has established the making and entering into a mutually binding and enforceable contract with the testator to devise him the land, or to pay him for it, by clear and convincing evidence. The provision of the will set up in the petition, and about which its draftsman testifies, merely shows an intention at that time to devise certain land to the appellant. The writing of the will with such a provision in it, and his statements to the draftsman, cannot be regarded as evidence tending to establish a contract between the testator and the appellant. If the act of writing the will and his statements to his attorney be regarded as evidence to establish a contract irrevocable by the testator, and if the courts should receive it and hold his estate bound thereby, would, in effect, revoke his last will. This we are not prepared to do. The language of the will as then written, and his statements made in confidence to his attorney engaged at the time in the act of writing his will, cannot in this case be received as evidence of the existence of a contract.
On the whole, the evidence shows that appellant performed, on the farm of testator, for him sporadic and minor services, such as occasionally repairing fences, cutting and hauling wood, and building fires, over a period of several years. It is shown by the evidence that, on different occasions when others who assisted appellant in doing such work were approached by testator for the purpose of paying them for their services, he offered to pay appellant, when he declined to accept pay, declaring he made no charges. The appellant, by his work and labor and use of the land sought by him, to be *Page 670 
recovered, produced crops thereon of which he retained two-thirds and delivered to the testator one-third every year. This conduct establishes the relation of landlord and tenant between appellant and the testator. The evidence shows that his daughters were at different times in the home of the testator assisting in performing household duties, but appellant nowhere in his pleadings makes claim for pay therefor.
The appellant has not alleged and proven by clear and convincing evidence a binding enforceable contract. He fails utterly to allege and prove the value of any services rendered by him to the testator as a consideration for the land or otherwise. No witness was asked and made a statement as to the value of his services in whole or in part.
Wherefore the judgment is affirmed.