## Turner & Frazer v. Frazier.

(Decided February 11, 1914.)

### Appeal from Fayette Circuit Court.

1. Contracts—Refunding Fee for Sale of Farm—Consideration.—Where the owner of a farm sold it at a reduced price and paid the agent a fee of $600.00, with the understanding that the fee should be refunded to the owner in case he re-invested his money in another farm bought through the agent who had sold the first farm, a valid consideration existed for the agreement to refund the $600.00

2. Evidence—Question for Jury.—Where the proof upon an issue of fact is contradictory, it is for the jury to decide the issue.

3. Instructions—Issue Not Made by Pleadings.—The trial court should not instruct upon an issue not made by the pleadings.

S. S. YANTIS for appellants.

ALLEN & DUNCAN for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

In August, 1911, the appellee Frazier listed his farm of 114 acres for sale with Turner & Frazer, real estate agents in Lexington, at $22,500. Appellants were unable to procure a buyer at that price, but they submitted to appellee a written proposition which, with the acceptance subsequently added thereto, reads as follows:

"Lexington, Ky., August 22nd, 1911.

"I hereby agree to pay W. R. Frazier the sum of $19,-900 for his farm situated two miles from Lexington, Ky., on the Bryant Station pike, on delivery of a good and sufficient deed to same before September 1, 1911. Terms to be as follows: At least $15,000.00 in cash, and the assumption of debts due Security Trust Company for amount sufficient to make up the balance.

"MRS. SARAH O'CONNELL."

"The above proposition is accepted by me this August 22nd, 1911, and I agree to pay commissions of 3 per cent upon principal of sale.

"WILLIAM R. FRAZIER."

At first appellee was unwilling to accept $19,900 for his farm, and pay a commission; but, as he purposed to re-invest the proceeds in another farm, which he would probably buy through Turner & Frazer, he finally accepted the proposition, and agreed to pay the commission as above indicated, in consideration of the appellants, at the same time, executing and delivering to him a paper which read as follows:

"Lexington, Ky., August 30th, 1911.

"By agreement we promise to refund to W. R. Frazier commission of six hundred ($600.00) dollars in case we sell him another farm; to refund commission not to exceed six hundred ($600.00) dollars on said farm.

"TURNER & FRAZER."

The sale to Mrs. O'Connell was closed on August 30th, and the next day appellee went to Danville to examine certain farms in Boyle county for the purpose of re-investing. He spent several days there examining farms, including the Bean farm which was held at $27,000,

but returned to Lexington without having accomplished anything. Subsequently, in October, 1911, Turner & Frazer sold to the appellee Nunnelly's "Shropshire" farm for $17,000, for which they collected a commission from Nunnelly of $500.

After the trade had been agreed upon, but before the deed was delivered to appellee, he exhibited to Turner & Frazer the paper by which they promised to pay him the $600 above referred to, and askd them if it did not apply to the purchase of the "Shropshire" farm from Nunnelly; whereupon appellants replied that it did not, that it applied only in case appellee bought the Bean farm in Boyle county. Appellee denied that the contract to refund the $600 had reference to the Bean farm or to any particular farm, but insisted that it applied to any farm which he might thereafter buy through the agency of appellants.

The trade with Nunnelly having been carried out, appellee brought this action against Turner & Frazer to recover the $600, and having obtained a verdict and judgment for that amount, the defendants, Turner & Frazer, prosecute this appeal.

The answer presents two defenses: (1) That the paper of August 30, 1911, was without consideration, because appellee in paying the $600 did no more than he was bound to do by the written contract of August 22nd, wherein he accepted Mrs. O'Connell's proposition to buy his farm and pay the commission; and (2) that by mistake, there has been omitted from the contract of August 30, 1911, a provision which was a part of the contract, to the effect that the $600 was to be paid to appellee only in case he should buy the Bean farm in Boyle county through appellants, upon which they would get a commission of $810, out of which they would repay appellee $600, thus leaving them a net fee of $210.

For further grounds of reversal appellants insist, (3) that there was a variance between the pleadings and the proof, because the action was brought upon the written instrument of August 30, 1911, while it is claimed the proof related not only to the written instrument, but to a prior oral agreement; (4) that the instrument of August 30, 1911, is unilateral, and therefore a void instrument which bound nobody when executed to do anything, and certainly did not bind appellee to do anything; and that if it had any binding force as a proposition or offer,

it was revoked by appellants before it was accepted by the appellee; and (5) that the verdict of the jury was flagrantly against the evidence.

Other grounds were relied upon for a new trial, but they have been abandoned in the brief.

The plea of no consideration cannot be sustained, since the evidence shows that the original sale to Mrs. O'Connell and the agreement of August 30, 1911, by Turner & Frazer to refund appellee the $600 were parts ot one and the same transaction; that appellee agreed to sell his farm for the reduced price of $19,900 and paid the commission upon the condition that he would be repaid the commission in case he should buy a farm through the agency of appellants. Appellee contends that by the agreement the appellants were to collect only one fee; and in case appellee should re-invest through them, the agreement could only be carried out by appellants refunding the $600 as provided in the writing. If that was true, there was ample consideration for the promise contained in the paper of August 30th. It was the final and moving cause that brought about the sale to Mrs. O'Connell.

The proof as to the claim of appellants that the repayment of the $600 was conditioned upon appellee's buying the Bean farm is sharply contradictory. In their testimony appellants do not contend the provision referred to was omitted from the paper by mistake or otherwise; they merely contend it was not inserted therein, because they did not think it necessary. They both swear, however, that the condition existed.

On the other hand, appellee swears he had never heard of the Bean farm until two or three days after August 30th; that he had received a telephone message from Lane, a real estate agent in Danville, saying he wanted to show appellee several farms in that neighborhood; and, that in response to that invitation he went to Danville and looked at the farms—the Bean farm among them; but that the price of the Bean farm ($27,000) was more than he could pay; and that he afterwards returned to Lexington and bought the "Shropshire" farm for $17,000. Rogers corroborates appellee as to his visit to Boyle county, and that he did not know anything about the Bean farm until after he had arrived at Danville. Appellee is positive in his statement that appellants sold his farm to Mrs. O'Connell under an agreement that if he should buy another farm through them, they would not charge him any

commission on his sale to Mrs. O'Connell, and that they would get their commission from the party who would sell to him for re-investment.

Lowell, a clerk who did typewriting in appellants' office and copied the paper of August 30th, testified that appellee said he was going to buy a farm in Boyle county, and that if one of the appellants would go over there and help him buy it, there would be a commission of about $200 in it for appellants. The proof was thus contrariwise upon this principal question of fact.

The court instructed the jury to find for the plaintiff unless they should believe from the evidence that the contract of August 30th was executed and delivered by the appellants without consideration, or that it was agreed between the parties that the $600 was to be refunded to appellee only in the event he bought the Bean farm in Boyle county, and that a provision to that effect was omitted from the agreement, by mistake; in which event they should find for the appellants.

So, the proof being contradictory upon the question of the mistake, that question was properly and, we think, fairly submitted the the jury.

We cannot say the verdict is flagrantly against the evidence, or that it is not sustained by the evidence.

Appellants' contention that since they received only $500 as a commission from Nunnelly, they should not, in any event, be required to refund more than that sum to appellee, is argumentative only; it is not inconsistent with the terms of the contract, or with appellee's contention that appellants were to get but one commission on the two sales, and that upon the last one. The two commissions aggregate $1,100; and by refunding appellee his $600, appellants will still retain $500. It was for the jury to decide between the contending claims of the parties.

We see no merit in appellants' contention that the contract is unilateral. So far as the delivery of the contract was concerned, it was executed, and to become operative in case appellee should re-invest through the agency of appellants.

Appellants had no right to revoke the agreement of August 30th, because it was a part of the consideration for the original sale to Mrs. O'Connell. Furthermore, since a revocation of the contract was not relied upon in the answer as a defense, the court properly declined to instruct upon that question.

The alleged variance between the pleadings and the proof is without merit. The suit was brought upon the paper of August 30th; and appellee's proof, which the jury evidently believed, sustained appellee's right to recover under that paper.

Judgment affirmed.