## Allen v. Allen.

(Decided May 7, 1914.)

### Appeal from Magoffin Circuit Court.

Work and Labor—Necessity of Contract Where Family Relations Exist.—In the case of near relatives or members of the same family living together as one household, the law regards personal services rendered, and board and lodging and other necessaries and comforts furnished, as gratuitous; and no recovery therefor can be had unless an express contract to pay therefor be proved.

D. D. SUBLETT for appellant.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

Samantha Allen, then a widow with two small children, was married to William Allen in 1909. On September 13, 1912, she instituted in the Magoffin Circuit Court an action against William Allen, seeking a divorce, and asked the court to require the defendant to restore to her a light bay horse, a mare and colt, a cow, an organ and some furniture, which she claimed as her separate estate.

The defendant filed an answer and counter-claim, alleging fault upon the part of the plaintiff, and asking himself for a divorce from her, and seeking to be ad-

judged a lien upon the property of plaintiff in his possession in satisfaction of a sum alleged to be owing by plaintiff to him for the care and maintenance of the plaintiff's two small children and certain other expenditures made by him during the existence of the marriage relation in the way of payments for medical attention and burial expenses of one of plaintiff's said children, and for the maintenance of plaintiff's live-stock.

The chancellor awarded the defendant a divorce; but ordered that he restore to plaintiff the property mentioned and claimed by her as her separate estate; and from that judgment defendant appeals, insisting that the chancellor erred in allowing him no recovery upon his counter-claim for the expenditures mentioned.

While, under the evidence shown in the record, the chancellor no doubt would have been glad to have granted to the defendant some of this relief, yet it is a well-established rule of law that where there is no proof of a contract to pay for services and disbursements such as constitute the claim of defendant against plaintiff herein, there can be no recovery thereof.

In the case of near relatives or members of the same family living together as one household, the law regards personal services rendered, and board and lodging and other necessaries and comforts furnished as gratuitous, and no recovery therefor can be had unless an express contract be proved; and to establish such a contract, stricter proof is required than in the case of an ordinary contract. Bolling v. Bolling's Admr., 146 Ky., 313 and cases therein collected.

There was no such contract proven in this case; and the chancellor, therefore, properly declined to adjudge defendant anything upon the claim mentioned.

Judgment affirmed.