## Grundy Jones v. Emanuel Jones, et al.

(Decided June 18, 1926.)

### Appeal from Warren Circuit Court.

Trial—Charge that Paper was Testatrix's Will Unless Jury Believed its Execution was Unduly Influenced Held Error, where

there was no Evidence of Undue Influence.—In will contest, where there was no evidence of undue influence, charge to find paper to be testatrix's last will unless jury believed from evidence that its execution was procured by undue influence held error.

GARDNER, DENTON & WADE for appellant.

G. D. MILLIKEN for appellees.

OPINION OF THE COURT BY COMMISSIONER DRURY— Reversing.

On May 8, 1924, Martha J. Jones, of Warren county, Kentucky, departed this life, and a paper dated April 25, 1924, was probated as her will by the county court. In a subsequent contest in the circuit court, it was adjudged that this paper was not the will of Martha J. Jones, and the propounders have appealed. Martha J. Jones was more than 80 years of age at the time this paper was written. She had had five children. Of these, Grundy Jones, Emanuel Jones and John Jones survived her. Her two daughters had died before their mother. One of these, Mary Rone, was survived by a daughter, Ora Simpson. The other of these, Perry Rone, left four children surviving her, namely, Virgil Rone, Essie Wilson, Roy Rone and Hubert Rone. All of these parties are of age. All of these, with the exception of Grundy Jones and John Jones, contested this paper, basing their contest upon the alleged mental incapacity of Martha J. Jones and undue influence which they claim was exercised upon her.

By this paper, all of the estate of Martha J. Jones remaining after the payment of her debts, funeral expenses, and a marker at her grave, was devised to Grundy Jones, and he was named as executor without security on his bond. The court in its instructions, directed the jury to find the paper in question to be the last will of Martha J. Jones unless they believed from the evidence that at the time of its execution, Martha J. Jones was not of sound mind or that the execution of the paper was procured by undue influence. The court, by proper instructions, told the jury what was meant by the expression, "of sound mind," and what was meant by the expression, "undue influence," and in a further instruction, told the jury that if they believed from the evidence that this paper was executed at a time when Martha J. Jones was not of sound mind or that its execution was

procured by undue influence, that they should find the paper in question not to be the last will of Martha J. Jones.

The propounders excepted to these instructions, and as we have been unable to find in the record any evidence of undue influence, and as the contestants have not, in their brief, been able to point out any such, we are compelled to hold that the court erred in submitting the question of undue influence to the jury. It follows, therefore, that the judgment must be reversed, and the propounders are awarded a new trial to be had in conformity to this opinion.