## Ecton's Executors v. Vinegar.

(Decided June 5, 1928.)

### Appeal from Franklin Circuit Court.

1. Executors and Administrators.—In action by decedent's housekeeper against his executors for wages due because of deceased's failure to provide for plaintiff in his will as promised, whether such promise had been made held for jury.
2. Executors and Administrators.—In suit by deceased's housekeeper against his executors to recover wages because of decedent's failure to provide for plaintiff in his will as allegedly promised, whether illicit sexual relationship existing between plaintiff and decedent entered into their contract so as to make it unenforceable held for jury.

3.  Trial.—Refusal of requested instruction substantially covered by instruction given held proper.

4.  Wills.—Where one promises to devise property to his employee in return for services rendered but fails to do so, measure of recovery against his estate after his death is the value of such property, where employee's services were of such a character that their value could not reasonably be fixed by jury.

5.  Wills.—Where decedent has promised his employee that, in return for employee's services, promisor will leave employee certain property by will, but has failed to comply with promise, value of the services, on employee's suing for payment thereof, state the true measure of recovery, where value can be reasonably fixed by jury.

6.  Executors and Administrators.—In decedent's housekeeper's suit against decedent's executors for wages, in which housekeeper alleged decedent's failure to devise to her certain property as promised in return for her services, reviewing court could not, on ground of illicit sexual relationship, in view of age and infirmity of deceased, disturb verdict for the plaintiff as being against evidence.

MORRIS & JONES for appellants.

LESLIE W. MORRIS for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Janie Vinegar brought this suit against the executors of John Ecton, alleging in her petition, as amended, that in the month of June, 1921, John Ecton employed her to do his cooking, washing, ironing and housekeeping, and to nurse and care for him in his old age during his lifetime, and agreed to pay her therefor by providing for her in his will in devising to her at his death a house and lot of ground at 328 Church street, Frankfort, Ky., and extending back to Hill street, with two houses on the rear of the lot; that she accepted the employment and performed the services stipulated from that time until his death on May 19, 1926, but that he failed to provide for her by his will; and that the services were reasonably worth $20 a week, amounting to $4,960, for which she prayed judgment. The defendants by answer denied the making of the contract, and also pleaded in substance that the plaintiff and John Ecton were living in adultery; that the plaintiff occupied the relation of concubine and whatever services she rendered him were incidental to

the illegal relation, and the consideration for the alleged contract was based on the illicit relation; also, that the services she performed were incidental to the illegal relation, and that it was not contemplated that she was to receive any other compensation than the support which was furnished her by John Ecton. The case was heard before a jury, who returned a verdict for the plaintiff in the sum of $1,700. The court entered judgment upon the judgment. The defendants appeal.

There was no substantial error in the admission of evidence. The chief ground relied on for reversal is in the refusal of the court to instruct the jury peremptorily to find for the defendants. The proof showed these facts: John Ecton was divorced from his wife about the year 1909, and then took Janie Vinegar into his house as a concubine and lived there with her from that time until he died. In June, 1921, when he was something over 80 years of age and had become more or less infirm from age, there was an agreement made between him and Janie Vinegar, which is thus stated by Audell Taylor, a witness for her:

"He was telling us how nice Miss Janie had been to him to see to him, and that he had asked her to see to him for the balance of his days, and that if she did he would give her the home he was living in straight through from Church street to Hill street, with two houses on the rear of the lot. She was present and said she would do the best she could. She did the washing and ironing, cooking, and she took in work to support herself, and she did the best she could. She treated him awfully nice; she was always twisting and turning and doing work for him."

Rose Lowry, who was present, makes this statement:

"He said she shan't loose nothing by it because at my death I am going to give her this house straight from here to the hill if she stays here and takes care of me and waits on me. Janie said she would try to do the best she could. She stayed there and waited on him. She cooked, washed, cleaned, housekept, got his meals on time, and took in washing from other people to make a living."

Mary Handy says that he told her on several occasions:

> "I mean to leave her the property from here back to Hill street and some money. He said he had some changes to make in his will."

By his will, which was written some years before, he made no provision for Janie Vinegar. The above testimony was sufficient to take the case to the jury, unless the fact that Janie Vinegar had been living there in the house with him as his concubine takes it out of the rule. In Lytle v. Newell, 68 S. W. 118, 24 Ky. Law Rep. 188, this court, upon very similar facts, held that the question was for the jury whether the illicit relationship entered into the contract or not. The evidence here brings the case within the rule declared in that case. The proof in Broughton v. Broughton, 203 Ky. 692, 262 S. W. 1089, was not such as the proof in this case, and in a number of cases it has been held that where such a promise is made and the services are performed under an expectation that they will be paid for, the reasonable value of the services may be recovered. Benge v. Fouts, 174 Ky. 654, 192 S. W. 703; Duke v. Crump, 185 Ky. 323, 215 S. W. 41, and Bean v. Bean, 216 Ky. 95, 287 S. W. 239.

The court gave the jury these instructions:

> "If the jury believe from the evidence that the plaintiff made and entered into a contract with the defendant John Ecton, about June, 1921, whereby the decedent, John Ecton, agreed with the plaintiff that if she would do the cooking, washing, ironing, housekeeping, nursing, and caring for him in his old age and during his lifetime, he would pay her reasonably for all her services by giving her at his death by will a house and lot of ground at 328 Church street, in Frankfort, Ky., and extending back to Hill street with two houses on the rear of said lot, and if the jury further believe from the evidence that under such contract, if any, the plaintiff did from about June, 1921, until the death of John Ecton, do his cooking, washing, ironing, housekeeping, nursing, and caring for him in his old age and during his lifetime between the times mentioned, and that such services, if any, were rendered by the plaintiff under the agreement, if any, with the expectation on her part and on the part of the decedent, John Ecton,

that she should be paid therefor, then the jury should find for the plaintiff such sum as you may believe from the evidence is the reasonable and fair value of the services rendered by plaintiff to the decedent, John Ecton, from about June, 1921, until the death of John Ecton, in cooking, washing, ironing, housekeeping, nursing, and caring for John Ecton, in his old age and during his lifetime, not to exceed the sum of $4,960; and if you do not so believe from the evidence, you will find for the defendants.

"2. The court further instructs the jury that you cannot consider the agreement, if any, of John Ecton to give plaintiff the property mentioned in the evidence at his death in fixing the amount of compensation, but if you find for plaintiff, you will only find for plaintiff such sum as you may believe from the evidence is the reasonable and fair value of the services, if any, rendered by plaintiff to the decedent, John Ecton, from about June, 1921, until the death of the decedent.

"3. Even though the jury should believe from the evidence that the plaintiff rendered the services as set out in the petition under an agreement with the deceased, John Ecton, to be compensated therefor, still if they further believe that the plaintiff lived with the deceased, John Ecton, in an illicit relation, and that such illicit relation was one of the objects of the alleged contract in the minds of both the parties, or if, as the contract was understood by both parties, it was made in contemplation of a state of concubinage, or the illicit relationship was understood by the parties to form a part of the contract, then the contract was illegal and there can be no recovery, and the jury will find for the defendants."

Instruction C, asked by defendants and refused by the court, was properly refused, as this matter was embraced in instruction 2, given by the court. Instruction D was unnecessary for the reason that by instruction 1 the court told the jury that unless they so believed they should find for the defendants, and it was unnecessary to give another instruction telling the jury that if they did not believe these facts from the evidence they should find for the defendant. Napier v. Wooton, 188 Ky. 542, 223 S. W. 155.

Instruction 1 had not the effect of excluding from the jury the testimony as to the relationship of the parties prior to the year 1921. Under instruction 3 the jury were authorized to take into consideration all the facts of the case in determining whether the contract, if made, was enforceable. There could be no finding for the plaintiff under instruction 1, unless the jury believed from the evidence that the contract as therein set out was made, and though the contract was made there could be no recovery by the plaintiff under instruction 3, if the contract was made in contemplation of a state of concubinage or the illicit relation was one of the objects of the contract. Instruction 2 did not warrant a verdict for the plaintiff on an implied contract. It only informed the jury that the value of the property promised could not be considered by them in fixing the reasonable value of plaintiff's services.

The instructions given by the court strictly followed the rule declared in Lytle v. Newell, and were in substance approved in Stout v. Royston, 107 S. W. 785, 32 Ky. Law Rep. 1055. Where the plaintiff's services are of such a character that their value may not be reasonably fixed by the jury, then the measure of recovery is the value of the property. But where, as in this case the value of services may be reasonably fixed by the jury, this is the true measure of recovery. The defendants cannot complain here of this, for the plaintiff offered to prove that the value of the property was $3,500, and the court, following the rule laid down in the cases above cited, refused to admit the proof, on the ground that the reasonable value of the services was all that the plaintiff was entitled to. See Broughton v. Broughton, 203 Ky. 695-696, 262 S. W. 1089, and cases cited.

On all the evidence the court cannot disturb the verdict of the jury. The amount found by the jury is well within the evidence, if the plaintiff was entitled to recover at all. There is much in the evidence warranting a verdict for the defendants on the ground that the relationship was illegal, but in view of the age and infirmity of the man the court cannot disturb the verdict on the ground that it was palpably against the evidence.

Judgment affirmed.