## Addington et ux. v. Chatham.

(Decided March 12, 1929.)

JOHNNIE DUNCAN and TEAGUE & TEAGUE for appellants.

WILKINS, SPARKS & JONES for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

H. P. Addington and wife instituted an action against John Meyerhofer's administrator to recover $1,-010 for personal property furnished and services rendered to Meyerhofer in his lifetime, and $14.72 for money expended in transporting his body for burial. An itemized statement was exhibited, showing the year, the articles supplied, the services rendered, and the prices charged. The first item was dated in the year 1920, and the account contained something for each year thereafter until and including 1925. The 1925 item was for feeding and caring for three horses, and amounted to $530. One item in 1924 was for hauling coal, another was for a trip for a cow, and the remaining charges were for live stock sold and delivered to the decedent.

The answer put in issue every item of the claim, and relied upon the statute of limitation of five years. The court excluded that portion of the claim which accrued

prior to 1923, and submitted to the jury all the other items. The jury found a verdict for plaintiffs for $214.-72, and the court refused to grant a new trial. Deeming the recovery inadequate, the plaintiffs have appealed. The sole complaint urged is that the court erred in giving an instruction to the jury in substance that no recovery could be had for any property furnished or services rendered without intention on the part of plaintiffs at the time to charge, or any agreement on the part of the decedent, to pay therefor. The argument is that there was no pleading or proof upon which to predicate the instruction. If it be true that the issue was not presented by the pleadings, or supported by any evidence, it was error to instruct the jury upon it (Turner & Frazer v. Frazer, 157 Ky. 388, 163 S. W. 245; Jones v. Jones, 215 Ky. 218, 284 S. W. 993; Gaffney v. Switow, 211 Ky. 232, 277 S. W. 453); but it is quite clear that the issue submitted by the instruction was raised by the pleadings.

The petition alleged an agreement by Meyerhofer to pay the reasonable value of the live stock furnished and of the services rendered. The answer denied that either the property or services were furnished, or that Meyerhofer ever agreed or promised to pay therefor. The evidence showed that plaintiffs borrowed $1,050 from Meyerhofer in 1924, and gave a mortgage to secure the debt. The administrator enforced the mortgage in 1928, and this action was filed the same year. No demand for payment was ever made by plaintiffs upon Meyerhofer, and it is difficult to see why they borrowed from their debtor, instead of collecting the debt. Mrs. Addington was the daughter of Meyerhofer, and during part of the period covering the transactions in question he was at her home.

The conduct of appellants respecting the claim was a sufficient indication of an intention not to enforce it to justify the court in submitting that question to the jury. If the property was furnished and the services were rendered without any intention or expectation on the part of the participants in the transaction that a charge therefor would be asserted, no recovery was authorized. Armstrong's Adm'r v. Shannon et al., 177 Ky. 547, 197 S. W. 950; Dowell v. Dowell's Adm'r, 137 Ky. 167, 125 S. W. 283; Walker v. Ganote (Ky.) 116 S. W. 689.

The circuit court did not err in giving the instruction complained of, and, even though the jury may have been unduly severe in cutting down appellant's claims,

432

the verdict was warranted by the facts and circumstances shown by the testimony, and in such situations it is conclusive here. Nugent Sand Co. v. Howard, 227 Ky. 91, 11 S. W. (2d) 985.

The judgment is affirmed.