## Combs v. Cole et al.

June 4, 1948.

652

J. M. Wolfinbarger for appellant.
John W. Walker for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER—
Affirming.

Appellant filed this suit against the heirs at law of his deceased sister Louisa Gross to recover on a written contract executed by her in 1942, and prayed that a tract of land she owned at the date of her death be sold to satisfy his claim. The heirs counterclaimed for certain items of property owned by Louisa which appellant allegedly converted. The issues were tried, and upon final submission the Chancellor dismissed the petition and dismissed the counterclaim. Both parties appeal.

In 1940 the husband of Louisa Gross died, and for a short while she lived with her daughter and son-in-law. Soon thereafter she left and went to the home of appellant who resides in a remote section of Estill County. She remained with appellant until the date of her death in December 1943. On March 23, 1942 she executed a written agreement in which she certified she was 76 years of age and had no place to live; that appellant, her brother, had supported and cared for her for two years as of that time; that she was indebted to him in the sum of $400 for past services, and wished him paid out of her estate that sum and $200 a year for each year he should keep her. Appellant claims that he is entitled to $800 by virtue of this contract (having kept his sister approximately 4 years) and $50 for certain funeral expenses paid.

The principal defense to this action is that Louisa Gross at the time she executed this contract was mentally incompetent.

Appellant admits that his sister had been an epileptic for many years and that this to a certain extent impaired her health and would at times affect her mentality. He introduced only one witness to testify that his sister was mentally competent when she entered into the contract. This person was a witness to the execution of the instrument.

On the other hand, appellees introduced a great number of witnesses, including her children, who testified Louisa Gross for many years prior to her death had not been able to transact business or to attend to her affairs. This evidence indicated that she was childish, easily influenced, had done some strange and irrational things, and that she was unable to understand or manage business transactions. We do not consider it necessary to detail the evidence. It has all been carefully considered and is convincing that the contract was entered into at a time when Louisa Gross was not mentally capable of contracting. That appellant had knowledge of his sister's incompetency is demonstrated by the fact that he himself was appointed her committee many years ago and executed legal instruments on her behalf. He insists that the order appointing him was void, but this in no way affects the conclusion that he was of the belief that his sister was unable to manage her affairs.

In transactions of this sort between members of a family, especially where the party to be charged is aged and infirm, the courts will closely scrutinize the transaction and clear and convincing proof of competency and voluntary action will be required. In Allen v. Allen, 158 Ky. 759, 166 S. W. 211, we stated: "In the case of near relatives or members of the same family living together as one household, the law regards personal services rendered and board and lodging and other necessaries and comforts furnished as gratuitous, and no recovery therefor can be had, unless an express contract be proved; and, to establish such a contract, stricter proof is required than in the case of an ordinary contract."

While in this case the existence of an express written contract was proven, the evidence shows affirmatively that the ailing sister was not mentally competent

at the time she executed it. It must therefore be disregarded.

Appellant insists that disregarding the written instrument, he is entitled to recover on the basis of some other express contract. Even if his pleadings authorized a recovery on this ground, the proof wholly fails to sustain it.

Appellant further contends that if he cannot recover on the basis of an express contract, he should be entitled to reimbursement by virtue of one implied either in law or in fact. This, of course, is contrary to the rule that where an express contract is pleaded the plaintiff cannot recover on an implied contract. Flynn's Executor v. Mullett, 254 Ky. 90, 70 S. W. 2d 978. Even if the pleadings were adequate, the general rule is that where the parties occupy toward each other a domestic or family relationship, it will be presumed that such services as these were rendered gratuitously and no implied contract for compensation arises. See Oliver, Guardian, etc. et al. v. Gardner et al., 192 Ky. 89, 232 S. W. 418, and Allen v. Allen, 158 Ky. 759, 166 S. W. 211, heretofore cited.

On the whole case appellant failed to prove his right to compensation for personal services, and failed to establish the expenditure of $50 for funeral expenses.

Insofar as appellees' counterclaim is concerned, it is very doubtful that it could be asserted in this action since appellees do not represent the estate of Louisa Gross. If the right of action did exist, the evidence is so vague as to what property, if any, came into the hands of appellant that no recovery would be authorized. The Chancellor correctly decided this phase of the controversy.

For the reasons stated, the judgment is affirmed on the original and on the cross appeal.