## West et al. v. West.

March 21, 1950.

As Modified on Denial of Rehearing May 23, 1950.

Ervine Turner, Judge.

M. C. Redwine for appellants.

M. E. Strange for appellee.

MORRIS, COMMISSIONER—Affirming.

Rosina Smith died intestate November 5, 1945, survived by a brother and sister and numerous nieces and nephews. She was the owner of a small piece of real estate appraised at $600 and about $700 in cash, and a small amount of personal property.

Following the appointment of appellee as administrator two claims were filed against the estate, one by Mrs. Meyers, a niece by marriage, the other by Ethel West a niece, and her husband, appellee, each for services rendered decedent during the latter days of her life. The West's claim was for $1,200; Mrs. Meyers for $300.

The administrator had no funds to pay, so suit was instituted for sale of the land and settlement of the estate. The land was sold under decree for $800. The claimants set up their respective claims and asked judgment. The chancellor referred the matter to the master commissioner, who after hearing proof recommended an allowance of $75 to Mrs. Meyers and $200 to Mrs. West; the court approved the report but before order was signed Mrs. West moved to "reopen the claim," and filed exceptions on the grounds that the allowance was inadequate and not based on evidence presented, and that at the time she first testified she did not know that

some of the heirs were contesting her right. The court sustained her motion and re-referred the matter to the commissioner.

Additional proof was heard and the commissioner approved an allowance of $300; again exceptions were filed on the grounds that the recommendation was not in accord with the evidence, contrary to law, unreasonable and inadequate. The court overruled her exceptions and granted appeal.

On the first hearing Mr. West, joint claimant, testified for his wife, saying that Mrs. Smith was in a helpless condition and asked his wife to come and wait on her. They took her to a doctor several times. The wife went to the home every day and night and in October "we went to live with her." He had "heard aunt Rose say she would pay her, and *we expected* to be paid, and thought $1200 would be reasonable."

Mrs. West testified that her aunt fell in April and "thought she broke her arm and asked me if I would stay with her. and said 'You will get paid for this,' " and I said "aunt Rose I don't charge for this." She did not go into detail as to what services she had rendered. She did say that she and her husband, at decedent's request, moved into her home "a week or two before she died."

Other witnesses testified in a very vague way as to services rendered, but none of them ever heard any reference to promise to pay or expectation of pay. It was shown that Mrs. Meyers had during the entire period assisted in looking after the wants of Mrs. Smith.

On the second hearing Mrs. West went more into detail as to services rendered, but when it came to what we conceive to be the controlling point here, that is whether or not there was an express contract, she said, "She promised to pay me well for my trouble, and I expected to be paid." She denied her former statement to the effect that she didn't charge her anything. In this last deposition she reduced her claim from $1,200 to $967.50, based on a charge of $4.50 per day for 215 days. Other witnesses testified as to some services and estimate of value, but none had ever heard of any promise or agreement to pay. The husband again testified and apparently waived any participation in the original joint

claim; he testified as to value of services but made no mention of promise or expectation of pay.

What we said in the recent case of Combs et al. v. Cole et al., 307 Ky. 651, 212 S. W. 2d 113, 114, is peculiarly applicable to this case and we think conclusive: ''In transactions of this sort between members of a family, especially where the party to be charged is aged and infirm, the courts will closely scrutinize the transaction and clear and convincing proof of competency * * * will be required,'' to show an express contract. We cited with approval Allen v. Allen, 158 Ky. 759, 166 S. W. 211, wherein we said that in cases of services rendered by relatives, the law regards services rendered as gratuitous and no recovery may be had unless an express contract be established by clear and convincing proof. See also Oliver, Guardian, v. Gardner, 192 Ky. 89, 232 S. W. 418. We have also held that mere expressions by the deceased, or expectations on the part of those rendering such personal services, do not constitute or imply a contract. Benge's Adm'r v. Foote, 174 Ky. 654, 192 S. W. 703; Sneed's Ex'r v. Smith, 255 Ky. 132, 72 S. W. 2d 1028; Gayheart's Adm'r v. Gayheart, 287 Ky. 720, 155 S. W. 1.

Counsel for appellant (not appearing originally) strongly contends that since there were no objections to incompetent questions and answers, and no exceptions filed on the part of heirs or distributees, we must disregard the court's ruling. Further, that the finding of the commissioner and the proof adduced on the last hearing did not have proper consideration of the court. It may be, as suggested, that the chancellor did not give due consideration to the proof, but that does not prevent us from scrutinizing the proof (much of it incompetent) to ascertain whether or not appellant is entitled to have the judgment reversed with directions to the court to adjudge her the full amount of her claim. We are satisfied that there is a total failure to show such a contract as would permit recovery to that extent, therefore, we must and do affirm the judgment.

Judgment affirmed.